CaRütheRS, J.,
delivered the opinion of the Court.
This is an indictment for selling spirits to a slave under the Code. The confusion in the sections on that subject, renders it necessary to place a construction upon them. His Honor, the Judge of the Criminal Court at Nashville, charged, that in taking all the provisions together:
“ A slave cannot buy liquor with the consent of the master or person having control of him, to be drank at the place where sold; and that section 4865 of the Code, makes inoperative that section which authorizes slaves to buy spirituous liquors by written permission, and that by the law as it now exists, a slave cannot buy spirituous liquors, except for the master, and then, only, in presence of the master, or upon written order of the master, and for the use of the master.”
The great object of the Legislature was to make the law on this subject so severe, as to prevent the practice of selling spirits to slaves, by which they were corrupted, and their value seriously impaired.
Section 2676 prohibits the sale of spirits to a slave, under all circumstances, even in the presence, or any kind of permission of the master, to be drank, or intended to be drank, at the place where sold. The next section forbids the sale, even where it is to be taken away, except by permission of the owner, or his agent.
The punishment for either of these offences, is, that “the offender shall be fined, and imprisoned not less than one week, nor more than thirty days.” Section 2678. These two cases are made a misdemeanor.
Then, in the next section, a qui tam action is given for, from five to ten dollars, for selling spirits to a slave, “ without a written permit from the master, or person having charge of him.”
Section 2680 makes it a misdemeanor for any person to buy spirits “ for the use of any slave,” without “ permission of the owner.” By this, the common practice of treating slaves by the purchase of spirits for them, by the dram, or otherwise, is intended to be prohibited.
*522 Not being content with these prohibitions and restrictions in chapter 5, page 516, they take up the subject again in chapter 9, art. 2, page 871, section 4865, and make a more stringent and penal provision:
“Any person who sells, loans, or delivers, to any slave, except for his owner or master, and then only in such owner or master’s 'presence, or, upon his written order, any liquor, gun or weapon, '******* js guilty of a misdemeanor, and shall be fined not less than fifty dollars, and imprisoned in the county jail, at the discretion of the Court.”
This is intended to cut up the offence by the roots, and prescribes a penalty calculated to deter those that milder punishment had been found insufficient to restrain from the injury or destruction of their neighbor’s property.
In view of all these provisions, we understand the law now to be substantially as laid down in the charge. That is, that under no circumstances, not even in the presence, or by permission, in writing or otherwise, of the master, can spirits be “ sold or delivered,” to a slave, for Ms own use, but only for the use of the master, and even in that case, the “ owner or master ” must be present, or send a written order, specifying that it is for himself, and the quantity to be sent. It will be seen that this law extends to everybody, and is not confined to licensed tiplers.
A general, or indefinite order, such as those exhibited in this case, is of no avail. An order can only cover a single transaction, and then it is exhausted.
The case is clearly made out, and the only error is, that the Court should have made the fine fifty, instead of five dollars.
The judgment will be affirmed.